IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RUSSELL ENERGY, INC.,** also known as Russell Energy Partners, Inc. | | **PLAINTIFF** |
| v. | | CAUSE NO. 1:18cv89-LG-RHW |
| **RONALD RUBRECHT; DREW GARLAND; TURBINE DIAGNOSTIC SERVICES, INC.; GARLAND BROTHERS, INC.; GEORGIA RENEWABLE POWER, LLC; UNKNOWN PURCHASER; UNKNOWN JOHN AND JANE DOES A, B, C, AND OTHER UNKNOWN CORPORATE ENTITIES X, Y, Z** | | **DEFENDANTS** |

## ORDER GRANTING GEORGIA RENEWABLE POWER, LLC'S MOTION TO DISMISS COMPLAINT

**BEFORE THE COURT** is the [14] Motion to Dismiss for Failure to State a Claim filed by the defendant, Georgia Renewable Power, LLC. The plaintiff, Russell Energy, Inc., also known as Russell Energy Partners, Inc., filed a response in opposition to the Motion, but Georgia Renewable did not file a reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Georgia Renewable's Motion to Dismiss Russell's Complaint is granted, and Georgia Renewable's Motion for More Definite Statement is moot.

## BACKGROUND

On May 17, 2016, Russell entered into a Non-Disclosure, Non-Circumvention, and Non-Competition Agreement with Tidmore-Newman Energy Services, Inc., Georgia Renewable, and Garland Brothers. Russell provides the following description of the alleged agreement in its Complaint:

> In addition to general protections against circumvention, breach of confidentiality, and competition, this agreement protected any information that Plaintiff provided to the Defendants in any business discussions. Additionally, the agreement restricted the parties from using any advantages derived from the information provided in business discussions for their own business affairs.

(Compl. 4, ECF No. 1-1.) Russell also claims that it entered into a Non-Disclosure, Non-Circumvention, and Non-Competition Agreement with Ronald Rubrecht and Turbine Diagnostic Services on July 11, 2016, after Rubrecht asked Russell "to find a generator for one of Rubrecht's clients to buy." (*Id.*)[1] Russell then contacted Drew Garland of Garland Brothers, who told him about a generator owned by Georgia Renewable. Garland gave Russell a quote in the amount of $1.5 million for the generator, with a seven percent commission payable to Russell.

Russell then quoted a price of $2.5 million for the generator to Rubrecht with a ten percent commission payable to Russell for its part in the deal. Russell alleges, "After further negotiations, Garland unexpectedly increased the price of the generator to $2 million and withdrew the offer of a 7% commission." (*Id.* at 5.) Russell further claims that Garland used confidential information it obtained from

---

[1] Rubrecht is the president of TDS.

-2-

Russell to complete the sale of the generator with Rubrecht without Russell's participation. Rubrecht's attorney later sent Russell an alleged commission in the amount of $95,635.

Russell filed this lawsuit against Rubrecht, Garland, Turbine Diagnostic Services, Garland Brothers, Georgia Renewable, and several John Doe and Unknown defendants, seeking compensatory, liquidated, and punitive damages as well as attorney's fees and expenses and prejudgment interest. Russell attempts to assert the following claims: breach of confidentiality, breach of non-circumvention, breach of non-competition, breach of non-disclosure, breach of implied warranty of good faith and fair dealing, civil conspiracy to defraud, and unfair and deceptive acts.

## DISCUSSION

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In considering a Rule 12(b)(6) motion, a court must accept all well-pleaded facts as true and view those facts in the light most favorable to plaintiff. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015). "The court's task is to determine whether the plaintiff has stated a

legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

The only facts in Russell's Complaint that concern Georgia Renewable are: (1) Russell entered into a Non-Disclosure, Non-Circumvention, and Non-Competition Agreement with Georgia Renewable and other companies; (2) Drew Garland of Garland Brothers identified a generator owned by Georgia Renewable when Russell requested information concerning a generator that was for sale; (3) Garland was acting on behalf of Garland Brothers and Georgia Renewable as a selling agent when he allegedly breached the confidentiality provision in the agreement; and (4) Georgia Renewable and other defendants breached the Non-Disclosure, Non-Circumvention, and Non-Competition Agreement. Russell's statements that Garland acted as Georgia Renewable's agent and that Georgia Renewable breached the Agreement are unsupported legal conclusions. Therefore, Russell has not provided sufficient facts to support any of its claims against Georgia Renewable. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.") Georgia Renewable's Motion to Dismiss is granted. However, Russell is granted leave to

amend its complaint to attempt to state claims against Georgia Renewable within thirty days of the date of this Order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [14] Motion to Dismiss for Failure to State a Claim filed by the defendant, Georgia Renewable Power, LLC, is **GRANTED**. The plaintiff, Russell Energy, Inc. a/k/a Russell Energy Partners, Inc., is granted thirty days from the date of this Order to file an amended complaint.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that if Russell Energy, Inc. a/k/a Russell Energy Partners, Inc., fails to file an amended complaint against Georgia Renewable Power, LLC, within thirty days of the date of this Order, Russell's claims against Georgia Renewable may be dismissed without further notice.

**SO ORDERED AND ADJUDGED** this the 15th day of August, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE