## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**RUSSELL ENERGY, INC.,**
**also known as Russell**
**Energy Partners, Inc.**                                    **PLAINTIFF**

**v.**                                    **CAUSE NO. 1:18cv89-LG-RHW**

**RONALD RUBRECHT;**
**DREW GARLAND; TURBINE**
**DIAGNOSTIC SERVICES, INC.;**
**GARLAND BROTHERS, INC.;**
**GEORGIA RENEWABLE**
**POWER, LLC; UNKNOWN**
**PURCHASER; UNKNOWN**
**JOHN AND JANE DOES A, B,**
**C; and OTHER UNKNOWN**
**CORPORATE ENTITIES X, Y, Z**                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING
## RONALD RUBRECHT'S MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION

**BEFORE THE COURT** is the [27] Motion to Dismiss for Lack of Personal

Jurisdiction filed by the defendant Ronald Rubrecht. The parties have fully briefed

the Motion. After reviewing the submissions of the parties, the record in this

matter, and the applicable law, the Court finds that Rubrecht's Motion to Dismiss

should be granted.

## BACKGROUND

The plaintiff, Russell Energy, Inc., claims that it entered into a Non-

Disclosure, Non-Circumvention, and Non-Competition Agreement with Ronald

Rubrecht and Turbine Diagnostic Services on July 11, 2016, after Rubrecht asked

Russell "to find a generator for one of Rubrecht's clients to buy." (Compl. 4, ECF

No. 1-1.)[1]  Russell then contacted the defendant Drew Garland of Garland Brothers,

who told him about a generator owned by Georgia Renewable.  Russell claims that

Garland improperly used confidential information he obtained from Russell to

complete the sale of the generator with Rubrecht without Russell's participation.

Russell filed this lawsuit against several defendants, including Rubrecht,

who is a resident of Florida.  Russell attempts to assert the following claims: breach

of confidentiality, breach of non-circumvention, breach of non-competition, breach of

non-disclosure, breach of implied warranty of good faith and fair dealing, civil

conspiracy to defraud, and unfair and deceptive acts.  Rubrecht filed the present

Motion, asking the Court to dismiss Russell's claims against him due to lack of

personal jurisdiction.

## DISCUSSION

"'A federal court may exercise personal jurisdiction over a nonresident

defendant if (1) the forum state's long-arm statute confers personal jurisdiction over

that defendant, and (2) the exercise of personal jurisdiction comports with the due

process clause of the Fourteenth Amendment.'" *Int'l Energy Ventures Mgmt., L.L.C.*

*v. United Energy Grp., Ltd.*, 818 F.3d 193, 212 (5th Cir. 2016) (internal quotation

---

[1] Rubrecht is the president of Turbine.  The first paragraph of the Non-
Circumvention, Non-Disclosure, and Confidentiality Agreement entered into on
July 11, 2016, provides that the parties to the agreement are Russell and the
defendant Turbine.  (Compl., Ex. B, ECF No. 1-1.)  Rubrecht signed the Agreement
on behalf of Turbine, as its president.  (*Id.*)  "Although an agent enters into a
contract on behalf of the principal, the agent does not become a party to the contract
and is not responsible for its breach."  *Culpepper Enters. Inc. v. Parker*, No. 2016-
CA-01771-COA, 2018 WL 37838178, at *11 (¶56) (Miss. Ct. App. Aug. 7, 2018)
(citing *Johnson v. Rimes*, 890 F. Supp. 2d 743, 745 (S.D. Miss. 2012)).

marks and brackets omitted).  The plaintiff "need only make a prima facie case if the district court rules without an evidentiary hearing."  *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).  "Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists."  *Id.* (internal quotation marks omitted).

## I.  MISSISSIPPI LONG-ARM STATUTE

The Mississippi long-arm statute provides in pertinent part:

> Any nonresident person . . . who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code § 13-3-57.  The three prongs of the statute are commonly referred to as the "contract prong," the "tort prong," and the "doing business prong."

Pursuant to the plain language of the statute, the doing business prong "applies to any person or corporation performing any character of work in this state."  *Estate of Jones v. Phillips ex rel. Phillips*, 992 So. 2d 1131, 1139 (Miss. 2008).  Given the broad reach of the doing business prong, the Court will assume for purposes of this Motion only that personal jurisdiction over Rubrecht is proper.

However, the Court must also determine whether it can exercise personal jurisdiction over Rubrecht under the Fourteenth Amendment's due process clause.

## II.   THE FOURTEENTH AMENDMENT'S DUE PROCESS CLAUSE

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgment of a forum with which he has established no meaningful contacts, ties, or relations." *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012) (internal quotation marks omitted).  Federal jurisdiction consistent with due process "may be general or specific."  *Id.*  General jurisdiction requires continuous and systematic contacts with the forum state.  *In re DuPuy Orthopaedics, Inc.*, 888 F.3d 753, 778 (5th Cir. 2018).  Specific jurisdiction exists "where a defendant purposefully directs his activities toward the state . . . , and the plaintiff's claim arises out of or is related to the defendant's forum contacts."  *Id.* (internal brackets and quotation marks omitted).  "Where the plaintiff alleges specific jurisdiction, as here, due process requires (1) minimum contacts by the defendant purposefully directed at the forum state, (2) a nexus between the defendant's contacts and the plaintiff's claims, and (3) that the exercise of jurisdiction over the defendant be fair and reasonable."  *Costensla*, 669 F.3d at 498. The minimum contacts "requirement can be satisfied by a showing that the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there."  *Id.*  "[R]andom, fortuitous, or attenuated" contacts are insufficient.  *Id.*

Russell argues that "Rubrecht purposefully directed his actions towards [Russell], an entity located in Mississippi. Rubrecht initiated contact with Russell . . . for purposes of the transaction about which [Russell] has complained and therefore personally created the connection with the State of Mississippi." (Pl.'s Mem. 4, ECF No. 32.)[2] The Fifth Circuit has held that "[a] single act directed at the forum state can confer personal jurisdiction so long as that act gives rise to the claim asserted, but merely contracting with a resident of the forum state does not establish minimum contacts." *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007).[3] "An exchange of communications in the course of developing and carrying out a contract also does not, by itself, constitute the required purposeful availment of the benefits and protections" of Mississippi law. *Id.* at 312. "Otherwise jurisdiction could be exercised based only on the fortuity that one of the parties happens to reside in the forum state." *Id.* Furthermore, "a plaintiff's unilateral activities in [the forum state] do not constitute minimum contacts where the defendant did not perform any of its obligations in [the forum state], the contract did not require performance in [the forum state], and the contract is centered outside of [the forum state]." *Id.*

Although Russell happened to be a resident of Mississippi, the generator that is the subject of the agreement and this lawsuit was owned by a Georgia limited

---

[2] Rubrecht counters that contact was actually initiated by Russell but it is not necessary to resolve this issue.

[3] As explained previously, it is arguable that Rubrecht is not a party to the agreement at issue.

liability company.  None of the defendants who were involved in the transaction at issue are residents of Mississippi.  Furthermore, Russell does not allege that Rubrecht ever traveled to Mississippi to further the transaction.  Therefore, Mississippi was not "the hub of the parties' activities" and Russell's presence in Mississippi was irrelevant to the transaction.  *See Moncrief*, 481 F.3d at 313.  As a result, Rubrecht's communications with Russell were insufficient to establish minimum contacts, and this Court does not have personal jurisdiction over Rubrecht.

## CONCLUSION

For the foregoing reasons, the Court cannot exercise personal jurisdiction over Rubrecht.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [27] Motion to Dismiss for Lack of Personal Jurisdiction filed by the defendant Ronald Rubrecht is **GRANTED**.  The plaintiff's claims against Rubrecht are **DISMISSED** for lack of personal jurisdiction.

**SO ORDERED AND ADJUDGED** this the 15th day of August, 2018.


s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE